**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 9, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TIFFANY DORF, mother and next friend
and guardian of DWD,

        Plaintiff-Appellant,

    and

JULIE TRIPLETT, conservator and
Guardian ad litem of DWD,

        Plaintiff,

v.

JOSH BJORKLUND; EVANSVILLE,
WY; ZACH GENTILE,

        Defendants-Appellees,

    and

RAMIRO PENA,

        Defendant.

No. 12-8074
(D.C. No. 1:11-CV-00351-SWS)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **KELLY**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and **HOLMES**, Circuit Judge.

Plaintiff Tiffany Dorf appeals the district court's dismissal of her case. Specifically, she challenges the district court's denial as futile her request for leave to file a second amended complaint. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.[1]

## I.    BACKGROUND

The parties are familiar with the facts and we need not restate them in detail here. Briefly, Ms. Dorf alleged that she was sexually assaulted by defendant Pena while he was a police officer employed by the City of Evansville, Wyoming (City). He resigned as a result of Ms. Dorf's allegations. Ms. Dorf filed the underlying lawsuit against Officer Pena; Zach Gentile, the Chief of Police; Joshua Bjorklund, a police supervisor; and the City. She brought claims against defendants Gentile, Bjorklund, and the City under 42 U.S.C. § 1983 for violating her rights under the

---

[1]    Although claims remained pending against defendant Pena, the district court certified the judgment as to defendants Bjorklund, Gentile, and the City of Evansville, pursuant to Fed. R. Civ. P. 54(b). Consequently, this court has jurisdiction. *See Zurich Am. Ins. Co. v. O'Hara Reg'l Ctr. for Rehab.*, 529 F.3d 916, 918 n.1 (10th Cir. 2008) ("Because the district court properly certified [the] judgment, we have jurisdiction.").

Fourth and Fourteenth Amendments, asserting that they failed to properly hire, supervise, train, discipline, and control Officer Pena.[2]

The district court first granted the motion for judgment on the pleadings filed by Chief Gentile and Officer Bjorklund pursuant to Fed. R. Civ. P. 12(c). The court held that the amended complaint failed to state a plausible claim for relief for supervisory liability. The City then filed its motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Ms. Dorf filed a motion to reconsider the dismissal of defendants Gentile and Bjorklund, together with an opposition to the City's dismissal motion, a motion to amend the complaint, and a proposed second amended complaint. The district court reviewed the proposed second amended complaint and concluded that it, too, failed to state a plausible claim for relief for supervisory or municipal liability. Accordingly, on September 7, 2012, the court entered an order holding that amendment would be futile, denying leave to amend, granting the City's motion to dismiss, and denying reconsideration of the judgment on the pleadings in favor of defendants Gentile and Bjorklund. Ms. Dorf appeals.

II.     DISCUSSION

Although Ms. Dorf has appealed the district court's orders dismissing her case, the operative ruling is the denial of leave to amend. She claims that both the first amended complaint and the proposed second amended complaint stated plausible

---

[2]     Ms. Dorf also brought various state law claims, which she conceded in the district court were dependent on the viability of her § 1983 claims. *See* Aplt. App. Vol. II at 201 n.3.

claims for relief, but her brief relies on the second amended complaint as sufficient to withstand dismissal.

"We generally review for abuse of discretion a district court's denial of leave to amend a complaint, but we review de novo the legal basis for the finding of futility." *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1145 (10th Cir. 2013) (internal quotation marks and brackets omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[M]ere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (internal quotation marks omitted). When evaluating whether a complaint plausibly states a claim, we "disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Id.*

The district court thoroughly reviewed the proposed second amended complaint and explained why it would be subject to dismissal for failure to state a claim. We have reviewed the record, the parties' briefs, and the applicable law, and we conclude that Ms. Dorf's proposed second amended complaint did not contain "enough specific factual allegations to 'nudge [her] claims across the line from

conceivable to plausible,'" *id.* at 1219 (brackets omitted) (quoting *Twombly*, 550 U.S. at 570). Accordingly, the district court did not err by dismissing Ms. Dorf's claims without leave to amend. We affirm the dismissal and the denial of leave to amend the complaint for substantially the reasons stated by the district court in its dispositive order dated September 7, 2012.

III.    CONCLUSION

The judgment of the district court is affirmed.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge